The STATE of Ohio, Appellant,

v.

WILKINSON, Appellee.

[Cite as *State v. Wilkinson* (1996), 115 Ohio App.3d 411.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 15542.

Decided Oct. 25, 1996.

*George A. Katchmer*, Montgomery County Assistant Prosecuting Attorney, Appellate Division, for appellant.

*John H. Rion*, for appellee.

FAIN, Judge.

Plaintiff-appellant, the state of Ohio, appeals from an order suppressing evidence. The state contends that the trial court erred in concluding that the investigating police officers lacked a sufficient basis for a weapons search of the interior of an automobile while the driver was locked in the back seat of the officers' cruiser, and the one passenger of the car was outside, ten feet away from the car, using a pay telephone. In our view, there is evidence in the record to support the trial court's conclusion that the officer conducting the search lacked a reasonable basis for suspecting that either individual was dangerous, or that either might gain immediate control of a weapon. Accordingly, the judgment of the trial court is affirmed.

## I

The facts and circumstances of this case are ably and succinctly set forth in the decision, order, and entry of the trial judge, the Honorable Jeffrey E. Froelich, sustaining the motion to suppress. They are as follows:

"On February 13, 1995, two Dayton uniformed officers in a marked cruiser were patrolling in a high crime area. They had received information from other officers that a brown boxy-shaped car was in the area supplying drugs.

"The officers ran the license plate on their cruiser's computer of a car roughly matching that description and the vehicle was reported as being registered to Jamal Wilkinson; further, the computer indicated that there was a warrant out of Hamilton County for the arrest of Jamal Wilkinson.

"The officers pulled behind the car in the parking lot. The passenger in the car had already exited and was using the pay phone. One officer approached the driver's side and asked whether the operator was the registered owner. The operator identified himself as 'Malik,' but did not present any identification. The driver was asked to step out of the vehicle and was patted down and locked in the

back seat of the cruiser until his identity could be verified and it could be determined whether or not he was Jamal Wilkinson, for whom there was a warrant.

"While one officer remained in the vehicle with Malik Wilkinson, the other officer returned to the vehicle to conduct a 'lunge area check.' In the back seat of the vehicle, the officer noted a jacket and upon further examination discovered a loaded pistol. He then returned to the cruiser, held up the pistol and said, 'What's this?' to which the defendant responded, to the effect, 'That's my girlfriend's gun, and I'm hold[ing] it for her.'

"In *Michigan v. Long*, 463 U.S. 1032 [103 S.Ct. 3469, 77 L.Ed.2d 1201] (1983), the Supreme Court held that, in some circumstances, the police may conduct a weapons-search of the passenger compartment of an automobile stopped during a lawful investigation of its driver. In *Long*, Justice O'Connor held that:

" '[T]he search of the passenger compartment of an automobile, limited to those areas in which a weapon may be placed or hidden, is permissible if the police officer possesses a reasonable belief based on "specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant" the officer in believing that the suspect is dangerous and the suspect may gain immediate control of weapons.'

"The prosecutor argues that the passenger could have returned to the vehicle, obtained the weapon and, further, that when the driver was released from the cruiser, he would be returning to the vehicle and could obtain the weapon. In *Long*, the defendant appeared to be under the influence of some intoxicant, was returning to and about to reenter his vehicle, and the officers observed a large knife in the interior of the vehicle. The court held that under those circumstances a search 'strictly circumscribed by the exigencies which justified its initiation' would be upheld.

"In this situation, the defendant was secured in the back of the cruiser and could not return to the vehicle without being released by the officers. Additionally, the passenger was outside of the car, using the telephone, approximately ten feet away. There was no basis at that moment to suspect that either individual was dangerous, or that he [might] gain immediate control of weapons, especially those located in the back seat. It is true that the defendant could have at some time returned to his vehicle, but that would have only been had the police determined that he was not Jamal Wilkinson, and, therefore, was not subject to arrest. The fact that an 'innocent' person would be returning to the vehicle concerning which there was no articulable belief that a weapon was contained in it, while being perhaps completely understandable [*sic*], is not a constitutionally permissible basis for search. Further, the fact that the defendant apparently engaged in additional violent or resistive actions cannot retroactively justify the

search.  \* \* \* Therefore, the motion of the defendant to suppress the evidence is SUSTAINED."

From the order suppressing the evidence, the state appeals.

## II

The state's sole assignment of error is as follows:

"The lunge area of an automobile may be searched to protect the safety of police officers."

The state contends that the trial court erred by granting Wilkinson's motion to suppress.  The state recognizes that *Michigan v. Long,* cited in the trial court's decision quoted above, sets forth the circumstances under which a police officer may properly search the interior of a car for weapons when the officer has stopped the car, but contends that the trial court failed to give proper consideration to the presence of the passenger in the case before us.  In our view, the trial court did consider the presence of the passenger, and properly concluded, from the totality of the circumstances, that the passenger's presence at a pay phone ten feet away from the car did not justify a search of the interior of the car, particularly of the back seat, for weapons.

In this connection, there is a factual dispute between the parties.  The state contends that at all relevant times the passenger door of the car was open; Wilkinson contends that it was closed.  There is evidence in the record to support each view.  Although the trial court made no specific finding of fact concerning this point, the trial court could have concluded from the evidence before it that the passenger door was closed, and if that would support the decision of the trial court, we must presume that it so found.

In view of the fact that there were two police officers involved in the stop, as well as the fact that at the time of the search of the interior of the car for weapons, Wilkinson was locked in the back seat of the cruiser, we conclude that there is evidence in the record to support the trial court's well-reasoned decision that there was no basis at that time to suspect that either individual was dangerous or that either individual might gain immediate control of a weapon. Accordingly, the state's sole assignment of error is overruled.

## III

Towards the end of his brief, Wilkinson interjects the following:

"But in a final salvo, the State asserts that the appellee's statement regarding the gun is not affected by the trial court's decision, and that even if the gun is suppressed, the State may proceed to trial based on the statement.  The State is

mistaken. The appellee's motion pertained to the gun *and to* the statements made by the appellee. The trial court clearly recognized this at the outset of the hearing. \* \* \* And the trial court sustained the 'motion of the defendant to suppress the evidence.' \* \* \* Thus, the trial court ordered the statement suppressed as well." (Emphasis *sic.*)

Wilkinson may have misconstrued the state's reference to his statement. That reference, at the very end of the state's brief, is as follows:

"Concerning appellee's statement about the gun, it is not clear from the testimony whether any subsequent statement was given or whether *Miranda* warnings were given at any point. Under *Oregon v. Elstead [Elstad],* 470 U.S. 298, 105 S.Ct. 1285 [84 L.Ed.2d 222 (1985)], such later *Mirandized* statements are admissible. Therefore, if the gun is not suppressed, the State may, in fact, have sufficient evidence to proceed to trial."

Our construction of the above-quoted remark in the state's brief is that it is merely an assertion that if the gun is received in evidence, the state believes that it may be able to use Wilkinson's statement to establish a sufficient link between him and the gun. We do not read into the statement in the state's brief an intention to seek to prosecute Wilkinson even if the gun was properly suppressed.

In any event, even if the state might desire to prosecute Wilkinson without the gun being admitted in evidence, the last paragraph of Crim.R. 12(J) appears to preclude that possibility. That paragraph is as follows:

"If an appeal pursuant to this division results in an affirmance of the trial court, the state shall be barred from prosecuting the defendant for the same offense or offenses except upon a showing of newly discovered evidence that the state could not, with reasonable diligence, have discovered before filing of the notice of appeal."

## IV

The state's sole assignment of error having been overruled, the judgment of the trial court is affirmed.

*Judgment affirmed.*

Wolff and Frederick N. Young, JJ., concur.